UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMEGA HOSPITAL, LLC | CIVIL ACTION |
| VERSUS | NO. 13-4891 |
| BLUE CROSS BLUE SHIELD OF ILLINOIS | SECTION "N"  (3) |

## ORDER AND REASONS

Before the Court is the Plaintiffs' Motion to Remand (Rec. Doc. 5).  Defendant's opposition memorandum is at Rec. Doc. 12.  Plaintiff's reply is at Rec. Doc. 15.  Supplemental memoranda are at Rec. Docs. 19 and 21.

### I. BACKGROUND:

Plaintiff commenced this action in the Twenty-Fourth Judicial District Court, Parish of Jefferson, seeking damages and attorney fees allegedly resulting from misrepresentations and breach of contract by defendant relating to coverage under a health insurance policy issued to one patient ("Sandra G."), who sought and obtained medical care from the plaintiff.   (Rec. Doc. 1-1).  The defendant, Health Care Service Corporation,  Mutual Legal Reserve Company, a division of which is doing business as Blue Cross and Blue Shield of Illinois ("HCSC"), removed the action to this Court on the basis of diversity jurisdiction. (Rec. Doc. 1).   Plaintiff now moves to remand on grounds that the $75,000 jurisdictional amount is not met.

II. **LAW AND ANALYSIS:**

"A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Property & Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Id.*; *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[W]hen faced with a motion to remand, it is the defendant's burden to establish the existence of federal jurisdiction over the controversy."), *cert. denied*, 526 U.S. 1034 (1999). To determine whether jurisdiction is present for removal, the court looks to "the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723. The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Federal courts have diversity jurisdiction where there is complete diversity between all plaintiffs and all defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). There is no dispute in this case that complete diversity of citizenship exists. Defendant HCSC is organized under the laws of the state of Illinois, with its principal place of business in Chicago, Illinois. Plaintiff is a limited liability company organized under the laws of Louisiana, with no members domiciled in the state of Illinois. Thus, the sole question is whether the amount in controversy meets the jurisdictional threshold.

Where, as here, the petition does not include a specific monetary demand, the removing defendant "must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Manguno*, 276 F.3d at 723. "This requirement is met if (1) it is apparent

from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.*  Where the plaintiff does not demand specific sums for the categories of damages sought, courts look to the nature of the claims and damages alleged to determine whether the jurisdictional amount is met.  *See, e.g., In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 387-88 (5th Cir. 2009); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  "If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."  *Manguno*, 276 F.3d at 723.

In this case, plaintiff alleged in its petition that Sandra G. incurred medical expenses for services rendered by plaintiff, "with a balance owed to Petitioner of $85,563.32, *less any applicable deductible and/or co-insurance*."  Rec. Doc. 1-1 (emphasis added).   Plaintiff also asserts in its petition "that attorney's fees are due and payable in regard to Defendant's and/or agents' actions as the claim is for negligent misrepresentation and breach of contract and the breaches in question are based on bad faith."  *Id.*

In support of remand, plaintiff argues that deductibles and co-insurance obligations would reduce the amount owed by the defendant (as opposed to the insured, Sandra G.) to $68,563.32, exclusive of attorney fees.  Rec. Doc. 5-2 at 1-2.  As for its claim for attorney fees, plaintiff argues that this claim does not bring the amount in controversy over the jurisdictional threshold.  In support of this assertion, plaintiff attaches a stipulation, which states:  "The Plaintiff stipulates that the current amount is controversy is $75,000.00 or less, inclusive of attorney's fees to the extent same are allowable, and exclusive of interest and costs."  Rec. Doc.

5-3.

 Post-removal affidavits and stipulations "may be considered in determining the amount in controversy at the time of removal... only if the basis for jurisdiction is ambiguous at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). "[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("And though, as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction.")); *see also Marcel v. Pool Co.*, 5 F.3d 81, 83-85 (5th Cir. 1993); *Elzondo v. Pilgrim's Group, Inc.*, 100 F.3d 952 (5th Cir. 1996); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 n.18 (5th Cir. 1998).

 The Court agrees with plaintiff that it is not facially apparent from the face of the petition that the amount in controversy exceeds $75,000.[1] The petition alleges that defendant's insured, Sandra G., "incurred medical expenses for services rendered by Petitioner...with a balance owed to Petitioner of $85,563.32, *less any applicable deductible and/or co-insurance*." Rec. Doc. 1-1 at ¶ II (emphasis added). Because deductibles and co-insurance obligations can vary greatly among health insurance policies, the amount of the primary claim as stated in the petition could easily be far less than $75,000, such that even the claim for attorney fees would not make the

---

[1] This distinguishes the instant case from *Herring v. Metropolitan Prop. & Cas. Ins. Co.*, 2013 WL 3893282 (E.D. La. 2013), wherein this Court rejected the plaintiffs' post-removal attempts to renounce numerous claims for damages made quite plainly in their petition.

jurisdictional amount apparent from the face of the petition. In this regard, the Court agrees with plaintiff that the amount in controversy is ambiguous, from the face of the petition. Therefore, the burden is on the defendant to establish with "summary judgment type evidence" that the plaintiff's claims, if successful, likely would exceed the jurisdictional threshold. *Manguno*, 276 F.3d at 723. Defendant submitted no such evidence either with its notice of removal (Rec. Doc. 1) or its original opposition to the instant motion (Rec. Doc. 12). The only evidence submitted was attached to a sur-reply memorandum (Rec. Doc. 21), filed in reply to an affidavit submitted with plaintiff's reply memorandum, in which an employee of plaintiff explained, based on alleged representations by defendant, that Sandra G. had an unmet deductible of $5,000 and a co-insurance obligation of $12,000, which if applied, would bring defendant's owed portion of the unpaid balance to $68,563.32. Rec. Doc. 15-1. The affidavit submitted by defendant does not controvert the plaintiff's assertions, but simply states that certain deductions are already reflected in the $85,563.32 amount, which the Explanation of Benefits statement indicates is owed by the insured Sandra G. and not by defendant. Rec. Doc. 21-1. Indeed, the defendant's affidavit could be interpreted to reach an even lower amount in controversy than that suggested by plaintiff.

    Because the amount of deductibles and co-insurance obligations is ambiguous from the face of the petition, the Court accepts the plaintiff's employee's affidavit as a clarification of plaintiff's allegations regarding deductibles and co-insurance obligations owed by Sandra G. *See Gebbia*, 233 F.3d at 883. This brings the primary claim for damages to $68,563.32. The question thus becomes whether the plaintiff's claim for attorney fees is sufficient to bring the

5

amount in controversy over the jurisdictional threshold.  In other words, are recoverable fees likely to exceed $6,436.68?

The burden is on the defendant in this regard, and it has submitted no evidence regarding attorney fees.   Any doubts must be resolved in favor of remand.  *See Hot-Hed*, 477 F.3d at 323.  Moreover, the plaintiff has stipulated that its claim, inclusive of attorney fees, does not exceed $75,000.  Rec. Doc. 5-3.  This constitutes a binding judicial admission.  *See, e.g., Mouton v. Balboa Ins. Co.,* 2010 WL 2902785 *3 n. 18 (E.D. La. 2010).   This post-removal stipulation could not serve to deprive this Court of jurisdiction if the jurisdictional amount had been established as of the time of removal, either by the face of the petition or by summary judgment type evidence.  However, in the light of the petition's ambiguity regarding damages and the defendant's failure to submit evidence on the issue of attorney fees, the Court finds the plaintiff's stipulation to tip the scales in favor of remand.  Accordingly;

**IT IS ORDERED** that Plaintiffs' Motion to Remand (**Rec. Doc. 5**) is **GRANTED**, and this matter is hereby **REMANDED** to the Twenty-Fourth Judicial District Court, Parish of Jefferson, from whence it came.

New Orleans, Louisiana, this 26th day of August, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**